IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY GLYNN SPEED, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-CV-1952-G (BT) |
| | § | |
| LORIE DAVIS, Director TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court has referred Petitioner's objections (ECF No. 19) to the Magistrate Judge for a recommendation as to whether the objections should be overruled or sustained. The findings, conclusions and recommendation of the Magistrate Judge follows:

I.

Petitioner filed objections to the Magistrate Judge's January 8, 2018, Findings, Conclusions, and Recommendation, which recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. For the foregoing reasons, the objections should be overruled.

**1.**     **Evidentiary Hearing**

Petitioner first objects that the state court's decision to deny relief was not entitled to deference under 28 U.S.C. § 2254 because the state court failed to provide a live evidentiary hearing and instead relied on affidavits.

Contrary to Petitioner's assertion, the presumption of correctness applies "even if the hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke,* 367 F.3d 309, 315 (5th Cir. 2004); see also *Carter v. Johnson,* 131 F.3d 452, 460 n. 13 (5th Cir. 1997) ("We have consistently recognized that, to be entitled to the presumption of correctness, a state court need not hold an evidentiary hearing; to the contrary, findings of fact based exclusively on affidavits are generally sufficient to warrant the presumption."). Petitioner's objection should be OVERRULED.

**2. Juror Thomas Smith**

Petitioner next objects the state court's finding that juror Thomas Smith was not biased against him should not be accorded deference because Smith's in-court statements differed from his affidavit. The record shows that during voir dire, Juror Smith informed the parties and the court that he attended the same high school as Petitioner in 1983. When asked if he remembered Petitioner, Smith stated: "I don't – I just remember the person a little bit, but it's just as an acquaintance, not someone I ran with or anything." (ECF No. 12-11 at 281.) Smith stated he could be a fair and impartial juror. (*Id.*)

In his affidavit, Smith stated:

> I don't remember Mr. Speed from high school and harbor no ill will toward him and his brother. His statements about me having a violent fight with his brother are completely false – I have no hatred for blacks in general. My decision on this case was based purely on the evidence shown to me in the courtroom.

(ECF No. 13-11 at 51.) Although Petitioner has identified a variance between Smith's statement during voir dire that he knew Petitioner "a little bit" because the two attended high school together years before trial and Smith's statement in his affidavit that he did not remember Petitioner, Petitioner has failed to establish any bias or prejudice by the juror. Petitioner has failed to show that the state court's denial of this claim was unreasonable, and his objection should be OVERRULED.

**3. Deadly Weapon**

Petitioner further objects that the evidence was insufficient to support the deadly weapon finding. He states he should not have been convicted under the law of parties because he did not know that his co-defendant had a gun, or would use a gun, and he never saw the gun.

To prove Petitioner was a party to the offense, the state was required to show that Petitioner acted to solicit, encourage, direct, aid, or attempt to aid another person in the commission of the offense. Tex. Penal Code § 7.02(a)(2). Here, witness Shaun Berry testified that Berry and his neighbor, Christopher Cantu, came home to find two men burglarizing Cantu's residence. (ECF No. 12-12 at 57-60.) Berry testified the two men burglarizing the residence fled in a white Honda Civic, and that the driver of the Civic stopped the car, opened the driver's side door, and fired a gun at Berry and Cantu. (*Id.* at 64.) The police stopped a car that matched the description of the Honda Civic. (*Id.* at 170.) Petitioner was a passenger in the car and his co-defendant was the driver. (*Id.* at

172.) Inside the car, officers found a gun, shell casings on the floorboard, and property stolen from Cantu's residence.

At trial, Petitioner testified he did not burglarize Cantu's residence, he did not see his co-defendant with a gun, he did not see shell casings on the car's floorboard, and he did not know about the stolen property in the car. (ECF No. 12-13 at 106-09.) The jury found Petitioner guilty of burglary of a habitation, with a deadly weapon finding.

The state court viewed the evidence in the light most favorable to the verdict and determined the evidence was sufficient to show that Petitioner acted to solicit, encourage, direct, aid, or attempt to aid his co-defendant in the commission of the offense. The state court decision was not unreasonable. Petitioner's objection should be OVERRULED.

II.

The Magistrate Judge recommends that Petitioner's objections be OVERRULED.

Signed March 8, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).